UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Grimm and Jeff Seipel, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady and Keith Kramer, as Trustees of the Minnesota Laborers Vacation Fund; Tom Vevea and Gary Reed, as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Ronald Thornburg and Cindy Ecklund, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Mighty Tidy Cleaning Service, Inc.,<br><br>Defendant. | Civil File No. 06-3132 MJD/AJB<br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER FOR ENTRY OF<br>DEFAULT JUDGMENT** |

This matter was heard before the undersigned on June 3, 2011. Katrina E. Joseph of Anderson, Helgen, Davis & Nissen LLC, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on July 28, 2006. The service was accomplished upon Defendant on July 28, 2006.

2. Defendant has failed to file and serve a response or Answer to the Complaint.

3. The Motion for Entry of Default, Memorandum of Law in Support of Motion, and Affidavit of Rod Skoog with exhibits were filed with the Court on August 31,

2006.  The Court issued an Order for Entry of Default on January 5, 2007.

    4.    Plaintiffs are trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, Minnesota Laborers Pension Fund, Minnesota Laborers Vacation Fund, Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and Minnesota Laborers Employers Cooperation and Education Trust (collectively, Funds).  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37), established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.  All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, as the administrative agent designated by the Trustees.

    5.    Since at least May 24, 2002, Defendant has been bound to the terms of a Collective Bargaining Agreement (CBA) between the Commercial Cleaning Contracts and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated Local Unions.

    6.    The CBA obligates employers to make contributions on behalf the bargaining unit employee in the amounts set forth and agreed upon therein.  The employer is required to contribute every month, not later than the 15th day of the following month, such sums to the Funds as is designated in the wage schedule of the agreement for each hour worked by all employees covered by the agreement to the Funds' Administrator.

7. The CBA and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

8. Defendant failed to submit the fringe fund reports and contributions to Plaintiffs for the months of January 2003 through December 2006.

9. Despite the Court's January 5, 2007, Order, Defendant has failed to submit the missing fringe fund reports, or any other records that would allow the Funds to identify hours worked by Defendant's employees for which contributions were not submitted.

10. Despite the Defendant's lack of cooperation, the Funds' were able to locate records and obtain information relating to Defendant's business and the work performed by its employees. On February 17, 2011, the Funds' auditor determined that the total amount due for fringe benefit contributions for the period of January 1, 2003, through December 31, 2006, is $66,177.70. The amount due for liquidated damages for that same period is $6,617.77.

11. Per the terms of the Funds' collection policy, interest accrues on delinquent fringe benefit contributions at the actuary assumed rate of return, currently 7.75% plus ½ percent. The interest rate is currently 8.25% per annum. The interest charges which have accrued to date total $41,229.61.

12. Pursuant to ERISA Section 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), because the total amount of interest exceeds the amount of liquidated damages, the Funds are entitled to double interest, instead of interest plus liquidated damages.

13. The CBA provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $7,861.93.

## **CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Entry of Judgment.

2. Defendant is bound to the terms of the Collective Bargaining Agreement and is therefore liable to the Plaintiffs for all amounts due per the Collective Bargaining Agreement.

3. Defendant is liable to the Funds in the amount of $66,177.70 for fringe benefit contributions for the period of January 1, 2003, through December 31, 2006.

4. Pursuant to the Funds collection policy and ERISA § 502(g)(2), the Plaintiffs are entitled to an award of double interest on the unpaid fringe benefit contributions. Defendant owes the Funds $82,459.22 in interest.

5. Defendant owes $7,861.93 for attorney fees and costs.

6. Accordingly, Defendant owes the Fund a total of $156,498.85.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 17, 2011                    BY THE COURT:

                                                    s/ Michael J. Davis
                                                    The Honorable Michael J. Davis
                                                    United States District Court Judge